UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| JANSSEN BIOTECH, INC. ET AL, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | C.A. No. 15-10698-MLW |
| v. | ) | 16-11117-MLW |
| | ) | |
| CELLTRION HEALTHCARE CO. INC., | ) | |
| ET AL., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER (AMENDED AS TO FOOTNOTE 1)

WOLF, D.J.                                          February 6, 2017

At the hearings on February 7 and 8, 2017, the court intends to have the parties address first defendants' motion to exclude the testimony of Drs. Wurm and Butler (Docket No. 339) and next plaintiff's motion to limit the testimony of Dr. Glacken (Docket No. 341). As previously discussed, the court, rather than the experts, will instruct the jury on the law, including providing interim instructions during trial to assist the jury in understanding any admissible expert testimony. As the parties recognize, an expert will not be permitted to provide the jury an opinion as to legal standards. See, e.g., Marx & Co. v. Diners' Club, Inc., 550 F.2d 505, 510 (2d Cir. 1977). Moreover, any opinion based on an erroneous understanding of the law will be excluded because it would not be helpful to the jury. See Fed. R. Evid. 702(a). The parties shall be prepared to address how these standards apply to the proposed testimony of each of the experts.

In addition, to admit expert testimony, the court must find, pursuant to Federal Rule of Evidence 104(a), that it is more likely than not that the expert's methods are reliable and that they have been reliably applied to the relevant evidence. This requires, among other things, a persuasive explanation of how reliable methods are linked to each of the expert's opinions. See General Electric v. Joiner, 522 U.S. 136 (1999); Daubert v. Merrill Dow Pharmaceuticals, Inc., 43 F.3d 1311, 1317-19 (9th Cir. 1995); In re: Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 744-48 (3rd Cir. 1994); Heller v. Shaw, 167 F.3d 146 (3rd Cir. 1999); Ruiz-Troche v. Pepsi Cola, 161 F.3d 77, 85 (1st Cir. 1998); Salzburg et al, Federal Rules of Evidence Manual (11th Ed.) §702.02. The parties shall also be prepared to discuss these principles and cases.[1]

---

[1] The parties shall particularly be prepared to discuss whether Dr. Wurm's test results provide Dr. Butler and him with a reliable basis from which to conclude that the ingredients of the accused powders, in their allegedly equivalent concentrations, perform substantially the same function in the accused powders as they do in the patented invention. See Milward v. Acuity Specialty Products Group, Inc., 639 F. 3d 11, 15 (1st Cir. 2011); Intendis GmbH v. Glenmark Pharma Inc., 822 F. 3d 1355, 1360-61 (Fed. Cir. 2016). More specifically, they shall be prepared to address whether Drs. Wurm and Butler employed scientifically sound and methodologically reliable methods in reaching their conclusions that the 29 ingredients that Dr. Wurm added to the claimed powders did not mask[] large differences in Dr. Wurm's comparisons by performing overlapping functions with the 12 allegedly equivalent ingredients. See Milward, 639 F.3d at 15; Ruiz-Troche, 161 F.3d at 85.

In addition, the parties shall be prepared to inform the court of the availability of their respective experts for voir dire, if necessary, during the week of February 20, 2017.

After hearing argument on the motions in limine concerning the experts, the court intends to address the questions of the proper measure of damages and the propriety of injunctive relief if plaintiffs prevail at trial. With regard to defendants' recent contention that plaintiffs lack standing and, therefore, the court does not have subject-matter jurisdiction, the court discerns an issue the parties have not addressed.

Even if Janssen's failure to join one of the inventors of the '083 patent, Joseph Horwitz, in its 2015 suit was a defect in standing, the Federal Circuit has held that parties can cure such a defect by joining the absent party. The Federal Circuit has permitted parties to do so either with the party's consent under Federal Rule of Civil Procedure 21 or, in certain circumstances, involuntarily under Federal Rule of Civil Procedure 19. See, e.g., Mentor H/S, Inc. v. Med. Device All., Inc., 240 F.3d 1016, 1017-18 (Fed. Cir. 2001); STC.UNM v. Intel Corp., 754 F.3d 940, 946

---

Although more difficult to parse, the proposed testimony of Dr. Glacken raises many similar issues concerning how, if at all, his methodology is linked to many of his conclusions. The parties should be prepared to discuss these issues as well.

(Fed. Cir. 2014). With regard to involuntary joinder under Rule 19, while the Federal Circuit has recently held that, as a general rule, a co-owner cannot be made an involuntary plaintiff under Rule 19(a), it has recognized two exceptions to this general rule. See STC.UNM, 754 F.3d at 946. One of these exceptions is when the absent party is obligated by contract to join the infringement action. Id.

Ordinarily, at least, an amendment adding a new plaintiff would relate back to the date of the filing of the original complaint. See Fed. R. Civ. P. 15(c); Allied International, Inc. v. International Longshoremen's Association, AFL-CIO, 814 F.2d 32, 35-6 (1st Cir. 1987). The parties should be prepared to address whether such an amendment would resolve, or moot, the issue of whether plaintiffs' failure to join Mr. Horowitz initially preclude them from seeking lost profits under 35 U.S.C. §271(e)(6)(B).

After the argument concerning damages, the court will hear further argument on Hospira's motion for summary judgment. The court will then consider the disputes concerning jury instructions, the remaining motions in limine, and matters relating to jury selection and the conduct of the trial.

As it does not appear likely that all of the foregoing matters will be resolved on or before February 8, 2017, the court is

considering conducting further hearings the week of February 13, 2017, and beginning trial on February 20, 2017. The parties shall be prepared to discuss this as well.

```
                              _____
                              UNITED STATES DISTRICT JUDGE
```